SUMMERS, Justice.
Defendant, Salvadore P. Soleto, Jr., was charged on June 22, 1973 by a bill of information with having distributed marijuana on November 21, 1972. La.R.S. 40:966(A). He was tried by jury in Division D of the Twenty-fourth Judicial District Court in and for Jefferson Parish and convicted as charged. He was sentenced to imprisonment at hard labor for one year. On this appeal two errors are as *414 signed to support the contention that the conviction and sentence should be reversed and a new trial granted.
ERROR NO. 1
During the impaneling of the petit jury, the venire for Division D was exhausted. The trial judge proposed to use the petit jury venire from Division F of the district to which counsel for the defendant objected. The ground for this objection was that, although Article 785 of the Code of Criminal Procedure provides that a parish having more than one section of criminal court (as in Orleans Parish) is permitted to do this, there is no statutory authority which permits such a procedure in the Twenty-fourth Judicial District Court of Jefferson Parish where the courts are in divisions. La.Const. Art. VII, § 83.
Article 785 of the Code of Criminal Procedure provides:
“A. In a parish having more than one section of criminal court, when a petit jury venire of one section is or is about to be exhausted before a trial jury is impaneled, the judge of that section, with the consent of the judge of a section that has not exhausted its petit jury ve-nire, shall order the petit jury venire of the latter section to report to his section to serve as tales jurors. The names of the petit jury veniremen so ordered to report shall be drawn as provided by Article 784 for examination as prospective trial jurors. Those who are impaneled as trial jurors shall serve as though regularly selected as tales jurors. Those who are not selected as trial jurors shall be ordered to report back to the section of court in which they were previously serving as petit jury veniremen.
If the judge cannot obtain the petit jury venire of another section, he may order the secretary of the jury commission or the clerk of court to draw indiscriminately and by lot such number of tales jurors from the general venire box as in the opinion of the judge may be necessary to complete the impaneling of the trial jury.
B. In other parishes, when the petit jury venire is or is about to be exhausted before a trial jury is impaneled, the judge may order the clerk of court to draw indiscriminately and by lot such number of tales jurors from the general venire box as in the opinion of the court may be necessary to complete the impaneling of the trial jury.
C. Immediately after the drawing of tales jurors, they shall be summoned to attend court at such time as the court may direct, and shall be subject to the same duties as petit jurors.
D. In parishes other than Orleans, the judge may order the summoning of tales jurors from among the bystanders or persons in or about the courthouse, in place of the drawing of tales jurors.
E. When called, tales jurors shall be selected for completion of the panel in accordance with Article 784.”
It may be true, as defense counsel argues, that Paragraph A of Article 785 was intended to apply only to the Criminal District Court for the Parish of Orleans and other courts where criminal sections exist. However, there is ample authority in Paragraph D of Article 785 for the trial judge to summon tales jurors from among petit jury venires of other divisions of the court with the permission of the judge of the other division. As a matter of fact, such a procedure would appear to be preferable to summoning bystanders or persons in or about the courthouse. We have so held in State v. Williams, 310 So.2d 528 (La.1975). What was said there is applicable here: “Defendant does not allege that the jury obtained by this system was unfair or biased. Nor does he attack the qualifications of any of the jurors chosen.” Moreover, “A general venire, grand jury *415 venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced or some great wrong committed that would work irreparable injury to the defendant.” La.Code Crim.Proc. Art. 419. No such fraud or great wrong is asserted or demonstrated by this record.
This assignment has no merit.
ERROR NO. 2
During voir dire examination of prospective jurors, one juror was asked, “Is it your position that if it was proven beyond a reasonable doubt that you could not apply this particular law?”, to which the prospective juror replied: “I would but I feel kind of guilty about it because I don’t necessarily agree with it and I don’t necessarily disagree with it. It’s just the idea.” Previously this colloquy occurred:
“Q. How about the nature of the charge itself, that is, distribution of marijuana, does that predispose you in any way in this matter ?
A. I’m not sure . . . It’s so controversial, I wouldn’t be sure how to vote.
Q. Well, I’m not sure what you’re telling me .
A. Only that he is charged with distributing marijuana. A while back it was really a bad charge and now they’ve loosened up the law a little bit and now morally I feel I wouldn’t be able to give a fair verdict. . . . ”
After the examination was completed the prosecutor moved that the prospective juror be challenged for cause. When the motion was granted defense counsel objected and assigned this error.
The prospective juror’s ambivalent attitude satisfies the requirement of good cause for challenge on the part of the State that “The juror is biased against the enforcement of the statute charged to have La.Code Crim. been violated Proc. Art. 798.
This assignment has no merit.
For the reasons assigned, the conviction and sentence are affirmed.